IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-00545

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | FORFEITURE *IN REM* |
| $6,350.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6) providing for the forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction by virtue of 28 U.S.C. § 1355(b). Venue in this district is proper by virtue of 28 U.S.C. § 1395(b).

3. The defendant is $6,350.00 in United States Currency.

1

4. The defendant was seized in Wake County, North Carolina and is currently located in the Seized Asset Deposit Fund Account maintained by the United States Marshal for the Eastern District of North Carolina, within the jurisdiction of this Court.

5. The potential claimants in this action are Wesley Ong, Shane Sanne and Abdul Mushtaq.

6. The facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A, Declaration of Postal Inspector Dustin C. Holland with the United States Postal Inspection Service, which is attached hereto and incorporated herein by reference. Such facts constitute probable cause for the seizure, arrest, and forfeiture of the defendant property and are sufficient to support a reasonable belief that the government will meet its burden of proof at trial that the defendant property should be forfeited.

7. The defendant constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is, therefore, subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, in accordance with Supplemental Rule G(3)(b)(i), the plaintiff requests that the Clerk issue a warrant of arrest *in rem* for the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not

be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 15th day of October, 2020.

> ROBERT J. HIGDON, JR.
> United States Attorney
>
>
> BY: /s/ Matthew L. Fesak
>      MATTHEW L. FESAK
> Assistant United States Attorney
> Attorney for Plaintiff
> Civil Division
> 150 Fayetteville Street, Suite 2100
> Raleigh, NC 27601
> Telephone: (919) 856-4530
> Facsimile: (919) 856-4821
> E-mail: matthew.fesak@usdoj.gov
> NC State Bar No. 35276

3

## VERIFICATION

I, Dustin C. Holland, Postal Inspector with the United States Postal Inspection Service, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture is based on reports and information known and/or furnished to me and to the best of my information and belief, is true and correct.

This the 14th day of October, 2020.

Dustin C. Holland
Postal Inspector
United States Postal Inspection Service